FILED

Name: Michelle C. Horse

Address: 549 S. Illinois St

Anaheim Ca 92805

Phone: 562 787 1588

Fax: chellahonse@gmail.com

In Pro Per

2020 JUL -6 PM 2: 33

SACV 20-01191 - JVS-DFMx

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

michelle Christian Honse

Plaintiff

v.

Robert Leon Wilkie Secretary Department of Veterans Affairs

Defendant(s).

CASE NUMBER:

Complaint Review of Administrative Decision and order

( Enter document title in the space provided above)

Plaintiff michelle Christian Honse, or "Plaintiff" is and all times herein mention as an individual residing in the County of Orange, State of California 42 USC s 2000 e-5f The jurisdiction of this court over the subject matter of this action is predicated on 5 USC 7703 (b)(2), 42 USC § 2000 e(5)(f) and 29 USC )

Page Number

§ 794(a). Venue is proper.

Parties

Michelle Christian Honse

Defendant

Robert Leon Wilkie is named in his capacity as the secretary of the United States Department of Veterans Affairs and is sued herein in his official capacity.

Statement of FACTS

Plaintiff received a verbal reading of a proposed removal from federal service on February 21, 2020. The proposed removal was read by Brian Smitley MD Present in the meeting were Thelma Kuhia, SGT Merlino Jennifer Amwar, Robert Malbrough

my union Steward. On the following Friday February 28, 2020 I timely filed an appropriate appeal of the proposed removal to the merit system protection board.

On February 28, 2020 a notice was issued incorrectly by the Chief Administrative Judge Sara Snyder. Exhibit 1. I called and disagreed with the letters contents as I do have contact with Office of the Inspector General, VA, OSHA, OSC and DOL Department of Labor. Case SF 1221 20 0294W1 was dismissed I appealed the decision asking the Board review the decision. It is pending there is no quorum.

Subsequently I filed SF 0714 20 0429I which was also dismissed. However the action to remove me was premature as I was waiting and still am waiting

3

Page Number

for a review on Both Individual Rights Action Cases SF 1221 17 0617 W1 and SF 1221 20 0294 W1

Plaintiff was on medical leave March 9.2020 when the director Walt Dannenberg decided to again improperly remove me from federal service Deliberately, willfully and callously disregarded my rights again without allowing the proposed action be adjudicated.

Request for Relief

Declare and adjudge that defendant has again violated Plaintiff rights under 42 USC S 2000 e 5(f)

Award Plaintiff disconable compensatory consequential and other relief As the court deems just and proper

Michelle Ottons

CV-127 (09/09)          PLEADING PAGE FOR A SUBSEQUENT DOCUMENT





# U.S. MERIT SYSTEMS PROTECTION BOARD

**Western Regional Office**
1301 Clay Street, Suite 1380N
Oakland, CA 94612

Phone: (510) 273-7022; Fax: (510) 273-7136

**Regional Director**

February 28, 2020

Michelle Honse
549 S. Illinois Street
Anaheim, CA 92805

Dear Ms. Honse:

We received your appeal filed on <u>February 22, 2020,</u> and the subsequent copy of the agency proposed removal letter that you faxed us on February 26, 2020. We are returning it to you for the following reason:

- A final decision to affect the action proposed has not been made.

If the rejected document was served on the Board electronically, it has been deleted from the MSPB Repository and will not be made part of the appeal record in this matter.

You may refile your appeal after you receive the agency's final decision, but no later than 10 business days <u>after</u> the date of the agency's action.

Sincerely,

Sara Snyder

*Exhibit 2*

MICHELLE CHRISTIAN HONSE

Mailing address

549 S. Illinois Street

Anaheim, California 92805

Home address

5255 Delong Street

Cypress, California 90630

MERIT SYSTEM PROTECTION BOARD

WESTERN REGIONAL OFFICE

MICHELLE C. HONSE                    SF 1221-20-0294-W-1
                Vs.

DEPARTMENT OF VETERANS

AFFAIRS

AGENCY

I the Appellant, Michelle C. Honse, submit this declaration under penalty of perjury. I assert these facts and statements to be the truth so help me God.

Appellant hereby submits

1.a list of each disclosure or activity that I content was protected, including the content of the disclosure/activity, date of the disclosure/activity, whom the disclore/activity was made, and why the appellant believes in the truth of any disclosure was reasonable On or about June 2019, I submitted an online complaint to the Office of The Inspector General complaint to the Department of Veterans Affairs, Office of the Inspector General. This is one of the multiple complaints I

APPELLANTS RESPONSE TO ORDER
CASE NO SF 1221-20-0294-W-1

filed with numerous agencies in regards to the denial of care for a work related injury, delay in care for work related injuries I sustained on May 31, 2019.

I have copies of submitted statements which where not signed, refusal by witness to provide statements against VHA directives which require statements and events be reported, cover up of negligence, failure to care for an injured person, fabrication of statements, submission of statements to the Department of Labor by Dr. Stephanie Lu, . I raised the delay in referring me to CAREONSITE. Futhermore, I have had contact with the California Bar Association, the California Medical Board, The Department of Consumer Affairs, Board of Vocational Nursing and Psychiatric Technicians.

**Exhibit 1**                                   Letter to Department of Justice
Disability Rights Division                                   May 3, 2019
**Exhibit 2**            .                         Letter to Department of Justice
regarding Tactical Manipulation to remove restraining order case from State of California Superior Court, filed in Federal Court by Ms. Han . Ms. Han filed this case without discussing her intentions with me. Ms. Han counsel for the Department of Justice, opposing counsel in a civil matter currently pending review of an opposition to defendants (Ms. Hans') motion of AFFRIMANCE to a MSJ granted by Judge James V. Selna, District Court Case 8:17-cv-02000 JVS DFMx, 9th Circuit Appeal Docket 19-55908.                                   May 31, 2019
**Exhibit 3**                                   State of California Bar Association
complaints filed against Counsel Joseph Manuel Briones, Keith Miles Staub and Ms. Chung Hae Han.                         Multiple dates 2019 & 2020

APPELLANTS RESPONSE TO ORDER
CASE NO SF 1221-20-0294-W-1

**Exhibit 4**                    Department of Veterans Affairs Office of the Inspector General                    June 2019. Included here are the emails to and from the Chief of EMS, Safety department,    the Supervisors for the PM shift for housekeeping aka EMS,

**Exhibit 5**                                        Letter Department of Fair Employment and Housing          June 28, 2019

**Exhibit 6**                    Letter to the Department of Labor where I raise my concerns about the handling of my workers compensation claim 1324001533. In this letter I detail the mishandling of my claim, the concerns raise regarding mismanagement, misuse of authority particularly Teri Wheeler, initially listing my claim accepted then denying it. Dr. Lus statements logically do not make sense, evidence of her animus towards me, as an injured employee, evidence of retaliation for EEO activity, exercising my rights, asserting my civil rights, seeking remedy and for her long standing discrimination based upon my disabilities.                    July 1, 2019

**Exhibit 7**                    Complaint against LVN Norris King, JR. for failing to render care, as well as a request seeking clarification if in fact Mr. King wrote the statement which was submitted to the Department of Labor in my case 132400153, when Mr. King saw me slip and fall, refused to provide me a statement, however, Mr. King personally told me "I did not see you fall, I only heard of fall". At no time did Mr. King tell me he believed I had slipped and fell on purpose, however the statement submitted in which his name was listed as "Minister Norris King" he did not sign such statement, appellant asserts the use of language and the context of the statement did not seem as if the statement had truly been written by Mr. Norris King, nor did the stateme ent from Kirk Foster.

APPELLANTS RESPONSE TO ORDER
CASE NO SF  1221-20-0294-W-1

**Exhibit 8**                               VALBMC FOIA 19-10984F request regarding HPP complaint filed.  (appellant did not include the 35 pages of the documents which appellant does posses. To be produced in discovery phase)

**Exhibit 9**                               VALBMC FOIA request 19-10659F

**Exhibit 10**                               Assembly member complaint

**Exhibit 11**                               Congressman Lowenthal Complaint

**Exhibit 12**                               Department of Labor contact                               October 2019

Exhibit 13                               HIPPA COMPLAINT FILED HHS OFFICE Civil Rights           October 2019

**Exhibit 14**                               Office of Accountability and Whistleblower Proctection email step 1 November 2019

**Exhibit 15**                               OSC 2 complaints filed regarding violation of HIPPA and improper written counseling.                               Filed in October 2019 and March 2020

**Exhibit 16**                               Medical Board of California                               February  2020

**Exhibit 17**                               Long    Beach    Police Department Complaint Questionaire

**Exhibit 18**                               City Prosecutor City of Long Beach Doug Halbert meeting request regarding lack of concurrent jurisdiction by VA police to issue traffic citations in Long Beach. Note these issues and the complaint with the Commission for Judicial review were filed because Officer Karr issued me to frivolous citations. 1 was a claim I had a warrant from 1996. The citation I signed indicated I was and I agreed to report to Norwalk Court on December 24, 2019. I did I was not on Calendar. The Matter was heard by Bellflower court, I found that out

APPELLANTS RESPONSE TO ORDER
CASE NO SF  1221-20-0294-W-1

weeks later. I was charged AWOL for going to court on December 30, 2019 by Brian R. Smith, MD. I am still waiting for the transcripts to properly seek remedy of both citations issued to me. Furthermore, Officer Karr did not ask he said "oh yeah your Hispanic Right". I declined to answer however he marked H for Hispanic on the citations. I have tried to file complaints with the Justice department about the harassment by the Va Police for failing to keep me safe, perpetuating the harassment, failing to question witnesses Kathy Wilms when I was assaulted on 1/3/2018, Monica Adams false imprisonment on October 3, 2018 which caused me such emotional trauma I left in a rush to court and nearly died in an accident I caused. TORT claims file for assault. Tort claim will be filed for false imprisonment.

I the appellant, Michelle Christian Honse did not file the MSPB IRA on the written counseling because I believed it was not an action appeal to the BOARD. I understood the action had to be 15 days or more.

The Agency went from an OUTSTANDING annual of my work in September 2019 to a frivolous written counseling, to a proposed removal and then an actual removal.

Appellant asserts these actions are based upon mixed motives. Retaliation for whistleblowing to the OIG, OSC, California Bar Association for legal malpractices, Medical Board for illegal failures to render care, OSHA (however complaint does not have assess to her VA email account to retrieve data) for failing to keep me safe on multiple levels psychological abuse, failing to render me care, fabrication of statements to result a denial of workers compensation claims by multiple representatives of the agency. HIPPA violation by Elizabeth Hernandez, in addition to the perpetuation and continuum of discrimination for

APPELLANTS RESPONSE TO ORDER
CASE NO SF 1221-20-0294-W-1

failing to engage in an interactive process by Stephanie Lu my supervisor.

Appellant notes the events are based upon mixed motives as the appellant is a now twice removed disabled federal employee. On January 22, 2008 appellant was hired as a Health Technician in Ophthalmology at the Veterans Affairs Medical Center, currently known as the Tibor Rubin Medical Center located at 5901 E, 7th Street Long Beach California 90822. Appellant had aspirations to develop her career and participated in the Emerging Leaders Program in 2010. Appellant had received incentive Awards and cash bonuses the first 5 years of employment.

Appellant suffers from work related injuries due to repetitive tasks, her claim was accepted for the injuries to her right hand, upper extremities and neck strain, case 132256178 date of injury 2011. Appellant continued to work until April 7, 2017 when the Agency improper fabricated and conflated charges. On September 29, 2017 Honorable Administrative Judge Anthony Ellison reversed the removal and appellant returned to duty December 26, 2017 case SF 0752-17-0400-I-1.

Within a week of returning to duty appellant was body checked by Ignacio O. Mora. Appellant reported the assault in a report of contact, to the VA police thereafter nothing was done, Appellant attempted to obtain a restraining order however counsel for the Defendant in the civil matter regarding the ADA violation in the removal matter 8:17-cv-02000 JVS DFMx, Chung Hae Han, ultimately had the restraining order I filed dismissed. I lost the money I paid in State Court and worst of all was subjected to further harassment and Mr. Mora continued his cavalier

APPELLANTS RESPONSE TO ORDER
CASE NO SF 1221-20-0294-W-1

manner of seeking me out, harassing me, staring and glaring at me, even if he only has one eye, he owns guns I know for certain. These events occurred over the 3 years I had returned to duty and then was again removed . I subsequently wrote letters to the Department of Justice to address Ms. Hans abuse of her office and misuse of her authority.

Appellant worked in the Eye Clinic until I sustained the injuries to my neck when I slipped and fell on May 31, 2019. No one rendered me care. I had expressing for years I felt disenfranchised, demoralized and clearly unwelcome when I returned to duty after having been reinstated. The director attempted to circumvent the order by sending me to speech pathology, and I would have gone if I had been trained to perform the essential functions of the job, however the agency refused. I was forced to return to the Eye clinic, where I was not welcome when I was removed in April 2017 not in December 2017 nor any time thereafter.

I filed reports of contact against many representatives involved in the handling or should I saw botched handling of my workers compensation claim by representatives which I can and cannot name because I did not get the information I requested in my FOIA requests.

Alvia Brian Christian called the Volunteer office when I reported to my transitional duty assignment in June 2019 to "warn them" about me. I do not know how he knew about my assignment until Dr. Lu admitted to me she told him where I was going. Totally inappropriate and only served to perpetuate more harassment. I could do no right.

I was transferred from the Volunteer office to Spinal cord injury where I did not have any issues. I worked with High functioning individuals Margot White, Tamara Alexander, Maurren Jennings, and many others for nearly 6 months.

APPELLANTS RESPONSE TO ORDER
CASE NO SF  1221-20-0294-W-1

On September 24, 2019 I received the frivolous tickets EXHIBIT **19.** these matters are pending adjudication.

On September 26, 2019 Ignacio Mora again was in my TDA harassing me for no apparent business reason. TAKE JUDICIAL NOTICE I was working well in SCI and Margot White reported to Dr. Lu and Thelma Kuhia I was working well and doing the assignments with out any issue. Appellant asserts that is why Thelma Kuhia improperly changed my TDA and had me return to the EYE clinic to  further perpetuate harassing m e and conspire to have me removed. I did not report to Elizabeth Hernandez , she was selected as the Lead not the supervisor. As the lead she would order supplies and delegate daily tasks. Thelmas ignorance to labor laws, both federal and state, in addition to the clinic operations are evident in her communications, declarations, emails, and statements. I had asked the Agency educate Ms. Kuhia as she lacked the knowledge to properly handle labor and employee relations. My statements are factually based on her demonstration of errors in giving instructions her verbal understanding of the aforementioned labor laws and in her delivery of the final decision letter it notes proposed removal. Appellant asserts the removal letter is also improper. Clear grammatical errors in which item 10 clearly states 'proposed removal". Therefore, Appellant asserts the removal is improper, as well. Clear carelessness. These legal documents require clears and concise information. Appellant could go on and on about the derelictions of duty by the Labor relations representatives made multiple errors. Also Thelma Kuhias errors have resulted in Appellant filing an UNRUH complaint against UCI for Dr. Lu, Dr. Tsaos and Dr. Smiths misuse of the communication system. Thelma Kuhia carelessly injected UCI in appellants pre-exisitng legal matters by using the email communication from Dr. Tsao to Dr. Lu as

APPELLANTS RESPONSE TO ORDER
CASE NO SF  1221-20-0294-W-1

Dr. Tsao is a RESIDENT physician from UCI. Dr. Smith and DR. Lu and staff at UCI. Both Dr Smith and DR. Lu were careless. Conspiracy to commit discrimination against a disabled whistleblower. Unfortunately this was not the first time. Dr. James Tucker and Zina Zhang MD have also done it in the past.

Appellant asserts I have established jurisdiction in an IRA case.

Finally appellant hired counsel Daniel Goodkin to represent her in the OWCP claim 132400769. Appellant will submit the hearing transcripts upon discovery commencement.

Respectfully submitted by Appellant,

Michelle Christian Honse

May 18, 2020

APPELLANTS RESPONSE TO ORDER
CASE NO SF 1221-20-0294-W-1



*Exhibit 3*

# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD
### WESTERN REGIONAL OFFICE

| | |
|---|---|
| MICHELLE C. HONSE,<br>　　　　Appellant, | DOCKET NUMBER<br>SF-0714-20-0429-I-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>　AFFAIRS,<br>　　　　Agency. | DATE: May 27, 2020 |

Michelle C. Honse, Anaheim, California, pro se.

Jessica Choi, Los Angeles, California, for the agency.

**BEFORE**
Sara Snyder
Chief Administrative Judge

## INITIAL DECISION

### INTRODUCTION

On April 27, 2020, the appellant electronically filed the instant appeal, challenging her removal from the agency, effective March 9, 2020.  Initial Appeal File (IAF), Tab 1.  On May 6, 2020, I issued an acknowledgment order, advising the appellant that her appeal may be untimely, or that the Board may be without jurisdiction to hear it because she may have elected the Equal Employment Opportunity (EEOC) process.  IAF, Tab 2.  The appellant and the agency timely responded to my Order.  IAF, Tabs 6-10.  For the reasons discussed below, the appeal is premature and must be DISMISSED for lack of jurisdiction.

2

## ANALYSIS AND FINDINGS

Background

The following facts are undisputed in the record. The appellant was an Ophthalmology Technician at the agency's Long Beach, California Surgical Healthcare Group. IAF, Tab 1 at 7. On February 21, 2020, the agency proposed to remove the appellant under the authority of 38 U.S.C. § 714 based on two charges, inappropriate conduct and failure to follow instructions. *Id.* On March 9, 2020, Walt C. Dannenberg, Medical Center Director, issued the agency's decision sustaining the appellant's removal, effective immediately. IAF, Tab 1. The agency's decision letter explained that she had four options to seek review of the agency's action: an appeal to the Board, corrective action from the Office of Special Counsel (OSC), filing a grievance, and pursuing a discrimination complaint. IAF, Tab 1 at 7. The letter explained that she may not chose more than one option and that she would be deemed to have made a choice by timely filing a Board appeal, a grievance, an OSC complaint, or a discrimination complaint. *Id.*

The appellant did not sign the acknowledgment of receipt. IAF, Tab 1 at 9. In her initial appeal, the appellant entered April 23, 2020, as the date she received the agency's final decision letter, stated that she filed a complaint with the Office of Special Counsel on March 1, 2020, and that she had timely amended her EEO complaint to challenge her removal. IAF, Tab 1, at 5. The appellant also stated that she was on medical leave from the agency from March 5 through March 11, 2020, and that she filed her appeal after learning from the agency's office of resolution management that her EEO complaint was considered mixed and that the Board had jurisdiction. *Id.* Contemporaneous with her appeal, the appellant submitted to the Board a copy of the EEO Acceptance letter, dated April 16, 2020, and copies of email messages she exchanged with various agency EEO personnel. IAF, Tab 1 at 10; Tabs 3-4. The EEO acceptance letter explains that on April 7, 2020, the appellant filed an amendment adding her removal to her

3

pending EEO complaint and that because a removal is appealable to the Board, the agency must separate it from her other allegations and process it as a mixed case pursuant to the EEOC's regulations at 29 C.F.R. § 1614.   IAF, Tab 1.

In her response to the Acknowledgment Order, the appellant submitted a declaration and several exhibits seeking a waiver of the time limit to file an appeal.   IAF, Tabs 6-8. The appellant stated that after a meeting in which the agency read her the notice of proposed removal, she filed an IRA[1] and advised the agency by email that she was not going to reply to the proposed removal. IAF, Tab 6 at 3-4.   The appellant argued that her contacts with her elected representative, the OSC, OIG, OSHA, DOL, and various state agencies about the agency's alleged mistreatment establishes Board jurisdiction.   The appellant admits that she received a copy of the agency's decision letter on March 11, 2020, but claims that she did not receive proper notice of her election rights. IAF, Tab 6 at 4.   The appellant also acknowledges that she amended her pending EEO complaint with "the actual removal as I understood I had passed the 10 days." IAF, Tab 6 at 5.   The appellant attached to her submission copies of email messages from the EEO office and appears to argue that the application of the timelines for filing an appeal should be waived because she was not informed that her EEO complaint would be processed separately as a mixed case.   IAF, Tab 6 at 5-6.   She also argues that her removal was not actually effective until April 16,

---

[1] On February 28, 2020, the appellant filed an individual right of action appeal with the Board, seeking corrective action for incidents she exhausted through the OSC process and for which she received a closure letter with appeal rights on December 9, 2019. *Michelle Honse v. Department of Veterans Affairs*, SF-1221-20-0294-W-1.   The appellant included with that appeal portions of additional complaints she appears to have submitted to OSC in February 2020, as well as a copy of the notice of proposed removal.

4

2020, based on letters she received related to her health insurance.[2] IAF, Tab 6 at 6, 16.

Applicable Law - Jurisdiction

Federal employees may appeal to the Board only those actions for which a right of appeal is granted by law, rule, or regulation. 5 U.S.C. § 7701(a). The appellant has the burden of proof, by a preponderance of the evidence, with respect issues of jurisdiction. 5 C.F.R. § 1201.56(b)(2)(i)(A). A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

The Board's regulations implementing 5 U.S.C. § 7702 establish procedures for cases involving allegations of discrimination in which an employee subjected to an appealable action that they believe to be the result of discrimination can elect the EEO complaint process, but later seek a hearing from the Board after the agency investigates and issues a final agency decision on their complaint. 5 C.F.R. § 1201.151-175. In that framework, an employee who timely elects the EEO complaint process may file an appeal and request a hearing from the Board any time after 120 days from the date of the formal complaint, if the agency has not resolved or issued final action on the complaint, or within 30 days of the date the employee is notified of a resolution or final action on the complaint. 5 C.F.R. § 1201.154(b)(2). If the employee files an appeal with the Board prematurely, the Board's regulations provide for the complaint to be

---

[2] The appellant also states that the Department of Labor has accepted her worker's compensation claim, which would provide her with wage replacement benefits and vocational rehabilitation. IAF, Tab 6 at 5, 7. The appellant appears to indicate that she does not wish to pursue her appeal if her understanding is accurate. *Id.* While the Board encourages the parties to seek a resolution of the appellant's appeals, the adjudication of her workers compensation claims does not impact the pending issues of jurisdiction or timeliness.

5

dismissed without prejudice to refiling when either of the conditions precedent is met. 5 C.F.R. § 1201.154(c).

This process is consistent with the appeal rights provided to the appellant in the agency's decision letter on the appellant's removal, and in the agency's acceptance and separation of her EEO claim on the removal as a mixed case, advising her that she has a right to seek a hearing on her removal from the Board. However, notwithstanding the agency's notice to the appellant, unlike appeals of actions taken under the authority of 5 U.S.C. Chapter 75, 38 U.S.C. § 714 does not incorporate the provisions of 5 U.S.C. § 7702 or establish its own timelines and options for pursuit of a Board appeal after electing the discrimination complaint process. Permitting an employee to request a Board hearing several months after the effective date of the action would also be inconsistent with Congress' stated desire to ensure expedited adjudication of removals taken under the authority 38 U.S.C. § 714. *See, e.g., Mays v. Department of Transportation*, 27 F.3d 1577, 1580 (Fed Cir. 1994)("Statutes should be interpreted to avoid untenable distinctions and unreasonable results whenever possible") (quoting *American Tobacco Co. v. Patterson*, 456 U.S. 63, 71 (1982)).

Applicable Law - Timeliness

Pursuant to 38 U.S.C. § 714(c)(4)(B), an appeal "of a removal, demotion, or suspension may *only* be made if such appeal is made not later than 10 business days after the date of such removal, demotion, or suspension." Although the Board generally applies a good cause standard in determining whether the appeal filing time limit may be waived under 5 C.F.R. § 1201.22(b), "a filing deadline prescribed by statute or administrative regulation can be waived only where: (1) The statute or regulation itself specifies circumstances in which the time limit will be waived; (2) an agency's affirmative misconduct precludes it from enforcing an otherwise applicable rule under the doctrine of equitable estoppel, and (3) an agency's failure to provide a mandatory notice of election rights warrants the waiver of the time limit for making the election." *Wood*

6

*v. Department of the Air Force*, 54 M.S.P.R. 587, 592 (1992); *see also Burnett v. Merit Systems Protection Board*, 513 Fed. App'x 960, 962 (Fed. Cir. 2013).[3]

Here, the statute does not specify circumstances that would allow the time limit to be waived; indeed, it provides that an appeal can be made *only* within 10 business days of the effective date of the action. Nor does the statute require a "notice of election rights," although the Board regulation at 5 C.F.R. § 1201.21 does. In *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95-96 (1990), the Supreme Court created a "rebuttable presumption" that equitable tolling applies in suits against the United States. The Court noted that such tolling has been applied "only sparingly," in cases in which the claimant has pursued his appeal but has "filed a defective pleading," or where the claimant "has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," but not where he failed to exercise due diligence. *Id*. at 96.

Analysis

The appellant received the agency's letter of decision on March 11, 2020. IAF Tab, 6 at 4. On April 7, 2020, she amended her EEO complaint, because she understood that she "had passed the 10 days," and because she believed the removal to be discriminatory. IAF, Tab 6 at 5. As the appellant correctly noted, she missed the 10 day time period in which to file an appeal, and as such, her appeal of the removal is untimely. *See* 38 U.S.C. § 714(c)(4)(B). The appellant therefore made a conscious choice to seek review of the agency's action in the EEOC process, both because she felt the action was the result of unlawful discrimination and because she knew she missed the time limit for filing a Board appeal, but not to pursue an EEO complaint. There is nothing to indicate that the

---

[3] The Board may follow a nonprecedential decision of the Federal Circuit when, as here, it finds its reasoning persuasive. *LeMaster v. Department of Veterans Affairs*, 123 M.S.P.R. 453, ¶ 11 n.5 (2016).

7

agency engaged in affirmative misconduct, and its notice to the appellant of her right to elect one of four options to seek review of the action is clear.

An employee cannot file both an EEO complaint with the agency and an appeal with the Board based on the same subject matter. *See* 5 C.F.R. § 1201.154; 29 C.F.R. § 1614.302(b); *McCoy v. U.S. Postal Service*, 108 M.S.P.R. 160, 165-166 (2008). Whichever claim is filed first is considered an election to proceed in that forum. *Id.* The agency has not issued a final decision on her complaint, and less than 120 days have passed since the agency's April 16, 2020 notice that it had accepted her EEO complaint. IAF, Tab 1 at 10. The appellant's appeal is, at best, premature and must be dismissed pursuant to 5 C.F.R. § 1201.154(c). If the mixed case processing procedures are deemed to apply to actions brought pursuant to 38 U.S.C. § 714, or if the agency's notification to the appellant that they apply is deemed to toll her deadline to file an appeal, after the appellant has exhausted the EEO process she will have the right to file a mixed case appeal of her removal pursuant to 5 C.F.R. § 1201.154(b).

## DECISION

The appeal is premature and DISMISSED for lack of Board jurisdiction.

FOR THE BOARD:        *Sara Snyder*
                      _____
                      Sara Snyder
                      Chief Administrative Judge

## NOTICE TO APPELLANT

This initial decision will become final on **July 1, 2020**, unless a petition for review is filed by that date. This is an important date because it is usually the last day on which you can file a petition for review with the Board. However, if you prove that you received this initial decision more than 5 days after the date of issuance, you may file a petition for review within 30 days after the date you actually receive the initial decision. If you are represented, the 30-day period

8

begins to run upon either your receipt of the initial decision or its receipt by your representative, whichever comes first. You must establish the date on which you or your representative received it. The date on which the initial decision becomes final also controls when you can file a petition for review with one of the authorities discussed in the "Notice of Appeal Rights" section, below. The paragraphs that follow tell you how and when to file with the Board or one of those authorities. These instructions are important because if you wish to file a petition, you must file it within the proper time period.

## BOARD REVIEW

You may request Board review of this initial decision by filing a petition for review.

If the other party has already filed a timely petition for review, you may file a cross petition for review. Your petition or cross petition for review must state your objections to the initial decision, supported by references to applicable laws, regulations, and the record. You must file it with:

The Clerk of the Board
Merit Systems Protection Board
1615 M Street, NW.
Washington, DC 20419

A petition or cross petition for review may be filed by mail, facsimile (fax), personal or commercial delivery, or electronic filing. A petition submitted by electronic filing must comply with the requirements of 5 C.F.R. § 1201.14, and may only be accomplished at the Board's e-Appeal website (https://e-appeal.mspb.gov).

## NOTICE OF LACK OF QUORUM

The Merit Systems Protection Board ordinarily is composed of three members, 5 U.S.C. § 1201, but currently there are no members in place. Because a majority vote of the Board is required to decide a case, *see* 5 C.F.R. § 1200.3(a), (e), the Board is unable to issue decisions on petitions for review filed with it at

9

this time. *See* 5 U.S.C. § 1203. Thus, while parties may continue to file petitions for review during this period, no decisions will be issued until at least two members are appointed by the President and confirmed by the Senate. The lack of a quorum does not serve to extend the time limit for filing a petition or cross petition. Any party who files such a petition must comply with the time limits specified herein.

For alternative review options, please consult the section below titled "Notice of Appeal Rights," which sets forth other review options.

## Criteria for Granting a Petition or Cross Petition for Review

Pursuant to 5 C.F.R. § 1201.115, the Board normally will consider only issues raised in a timely filed petition or cross petition for review. Situations in which the Board may grant a petition or cross petition for review include, but are not limited to, a showing that:

(a) The initial decision contains erroneous findings of material fact. (1) Any alleged factual error must be material, meaning of sufficient weight to warrant an outcome different from that of the initial decision. (2) A petitioner who alleges that the judge made erroneous findings of material fact must explain why the challenged factual determination is incorrect and identify specific evidence in the record that demonstrates the error. In reviewing a claim of an erroneous finding of fact, the Board will give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing.

(b) The initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case. The petitioner must explain how the error affected the outcome of the case.

(c) The judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case.